**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILNY LINCIFORT, | No. 06-73022 |
| Petitioner, | Agency No. A097-957-895 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Wilny Lincifort, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission of a second serious incident and constant, threatening phone calls from Lincifort's asylum application. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (omissions from application "went to the core of [the petitioner's] alleged fear of political persecution"). The agency reasonably rejected Lincifort's explanations for the omissions. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Lincifort's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lincifort's CAT claim also fails because it is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not he would be tortured if returned to Haiti. *See id*. at 1156-57.

Finally, we reject Lincifort's due process contentions. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

06-73022